Mark T. Ethington (4828)
MARK T. ETHINGTON, P.C.
**Attorney for Plaintiff**
826 West 4800 South
Taylorsville, Utah  84123
Telephone: (801) 631-2497
Email: mark@ethingtonlaw.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | | |
|---|---|---|
| CINDY BRADY, | : | |
| | : | |
| Plaintiff, | | **COMPLAINT** |
| | : | |
| vs. | | |
| | : | |
| UNITED STATES OF AMERICA, | | |
| | : | CIVIL NO: |
| Defendant. | | JUDGE |

COMES NOW the Plaintiff, by and through counsel, and for cause of action, alleges against the Defendant as follows:

PARTIES

1. Plaintiff, Cindy Brady, is a resident of Salt Lake County, State of Utah.

2. The U.S. Marshalls Service is a division of the United States Department of Justice, which is a division of Defendant United States of America (collectively, "Defendant").

3. At all material times, the employee of Defendant was

acting within the scope of his employment. Therefore, Defendant is a proper party pursuant to the Federal Tort Claims Act.

## JURISDICITON

4. This dispute is based in Tort and the amount demanded on behalf of the Plaintiff is an amount more than $75,000, exclusive of costs and interest. Accordingly, pursuant to Title 28 U.S Code § 1331,the United States District Court for the district of Utah shall have original jurisdiction.

5. The motor vehicle collision giving rise to Plaintiff's claims occurred in Salt Lake County, State of Utah.

6. This Court has jurisdiction over this matter pursuant to 28 U.S Code § 1331. The injuries giving rise to this Complaint occurred in Salt Lake County, State of Utah

7. The court further has jurisdiction over the subject matter of this action and over the persons named herein pursuant to 28 US Code § 1346(b)(1), 2401, and 2675(a).

8. Plaintiff has complied with the Federal Tort Claims Act

9. Plaintiff properly served notice on the Defendant on or about March 23, 2021,seeking damages for the Defendant's negligence.

10. On or about May 24, 2022, the United States offered

$15,500 to settle this claim. Plaintiff denied the offer as it was inadequate to compensate her for her damages.

11. Defendants have provided a final determination letter on or about May 24, 2022, and not more than six months have passed since the letter was sent.

## STATEMENT OF FACTS

12. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

13. On July 9, 2019, Plaintiff was driving her car at about 400 South and West Temple streets in Salt Lake City, Utah.

14. At that date and location, plaintiff had to slow for traffic in front of her. As she did so, she was rear-ended by a car driven by U.S. Marshall, Arik Coleman, who was in the course and scope of his employment.

15. As a direct and proximate result of this collision, Plaintiff has suffered damages in an amount more than $75,000, exclusive of costs and interest, and will suffer future damages.

## FIRST CLAIM FOR RELIEF

(Negligence)

16. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

17. The collision was the direct result of the negligence of Arik Coleman.

18. Arik Coleman was negligent in one or more of the following particulars:

　a. He failed to keep a proper look out.

　b. He failed to stop his vehicle in a safe manner.

  c.  He failed to maintain a safe distance between his car and Plaintiff's car.

  d.  He was reckless and/or careless in how he operated his vehicle.

  e.  He was further negligent in such manner as may be established by facts and evidence at trial.

19. At the time of the collision in question, Arik Coleman was in the course and scope of his employment as a U.S. Marshall for United States Department of Justice, which is a department of the government of the United States of America. Under the doctrine of respondiat superior, and the Federal Tort Claims Act, the defendant, the United States of America, is liable and responsible for the negligent acts of its employees.

19. As a direct and proximate result of the negligence of Defendant, plaintiff sustained injuries, both physical and mental.

20. Plaintiff has incurred medical expenses as a direct and proximate result of the negligence of Defendant all to her special damage in such sum as may be established at the time of trial, and plaintiff will continue to suffer future medical costs and expenses.

21. As a direct and proximate result of Defendant's negligence, plaintiff has been made sore of body and mind and has otherwise been deprived of the opportunity for enjoyment of life, all to her general damage in such sum as may be established at trial.

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1. For general damages sustained in the above-entitled action in an amount to be determined at the time of trial.

2. For special damages for medical expenses, lost income, and other items, both present and future, in such sum as may be established at trial.

3. For costs and interest on plaintiff's claims as provided by law.

4. For reasonable attorney's fees and costs incurred herein.

4. For such other relief as the Court deems just in the premises.

Dated this 4th day of August, 2022.

/s/Mark T. Ethington
Mark T. Ethington
Attorney for Plaintiff